IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNA MAMMARELLI, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-1176 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 30 |
| BAPTIST SENIOR FAMILY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Plaintiff Johna Mammarelli ("Plaintiff") filed this action arising out of allegations that her former employer discriminated against her based on her religious beliefs. ECF No. 1. Presently before the Court is a Motion for Imposition of Equitable Charging Lien ("Motion for Lien"). ECF No. 30. For the reasons below, this Motion is denied as premature.

Plaintiff originally was represented by Attorneys David M. Manes and Prabhu Narahari of the law firm Manes & Narahari, LLC ("Former Counsel"). On October 17, 2023, Attorney James L. Welsh ("Attorney Welsh") entered an appearance on behalf of Plaintiff. ECF No. 19. Former Counsel withdrew their appearances the next day, indicating that Plaintiff had terminated their representation and retained Attorney Welsh in their stead. ECF Nos. 20 and 21.

On January 9, 2024, notice was filed that this case resolved at mediation. ECF No. 29.

The next day, Former Counsel filed the instant Motion for Lien. ECF No. 30. In support of this motion, Former Counsel requests that the Court impose an equitable charging lien of $7,310.00 against "any award issued in this matter." Former Counsel argues that, under the parties' agreement for representation, Plaintiff is responsible to pay attorneys' fees and costs because she terminated their representation. Former Counsel asserts they have incurred $7,310.00 to date, and thus request an equitable charging lien in that amount.

Under Pennsylvania law, five factors must be proven for an attorney's charging lien to be recognized.

1. That there is a fund in court or otherwise applicable for distribution on equitable principles;

2. That the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid;

3. That it was agreed that counsel look to the fund rather than the client for his compensation;

4. That the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised; and

5. That there are equitable considerations which necessitate the recognition and application of the charging lien.

Recht v. Urban Redevelopment Auth., 168 A.2d 134, 138-39 (Pa. 1961).

Upon review, this motion fails at the first element. Former Counsel does not identify any fund that is available for distribution. Accordingly, the Motion is denied as premature. Former Counsel may later file a renewed motion, as appropriate.

An appropriate Order follows.

AND NOW, this 12th day of January, 2024, IT IS HEREBY ORDERED that Motion for Imposition of Equitable Charging Lien is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE